# Supreme Court of Florida

_____

No. SC21-627

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE
PROCEDURE.**

October 14, 2021

PER CURIAM.

This matter is before the Court for consideration of proposed
amendments to the Florida Rules of Juvenile Procedure. *See* Fla. R.
Gen. Prac. & Jud. Admin. 2.140(b)(1). We have jurisdiction.[1]

The Florida Bar's Juvenile Court Rules Committee (Committee)
filed a report proposing amendments to Florida Rules of Juvenile
Procedure 8.201 (Commencement of Proceedings), 8.203
(Application of Uniform Child Custody Jurisdiction and
Enforcement Act), 8.205 (Transfer of Cases), 8.217 (Attorney Ad
Litem), 8.224 (Permanent Mailing Address), 8.226 (Determination of
Parenthood), 8.231 (Providing Counsel to Dependent Children with

---

1. *See* art. V, § 2(a), Fla. Const.

Special Needs Who Have a Statutory Right to Counsel), 8.235 (Motions), 8.240 (Computation, Continuance, Extension, and Enlargement of Time), 8.257 (General Magistrates), 8.260 (Orders), 8.265 (Motion for Rehearing), 8.285 (Criminal Contempt), 8.286 (Civil Contempt), 8.290 (Dependency Mediation), and 8.332 (Order Finding Dependency). The proposed amendments are primarily for clarity and consistency with *In re Guidelines for Rules Submissions*, AOSC06-14 (Fla. 2006).

The Committee and the Board of Governors of The Florida Bar unanimously approved the proposed amendments. The Committee and the Court published the proposals for comment, and no comments were received following either publication.

Having considered the proposed amendments, the Court hereby amends the Florida Rules of Juvenile Procedure as proposed by the Committee.

Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Candice K. Brower, Chair, Gainesville, Florida, Matthew Charles Wilson, Past Chair, Juvenile Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**RULE 8.201.    COMMENCEMENT OF PROCEEDINGS**

**(a)**    [No Change]

**(b)    File to Be Opened.** Upon commencement of any proceeding, the clerk ~~shall~~<u>must</u> open a file and assign a case number.

**RULE 8.203.    APPLICATION OF UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT**

Any pleading filed commencing proceedings as set forth in rule 8.201 ~~shall~~<u>must</u> be accompanied by an affidavit, to the extent of affiant's personal knowledge, under the Uniform Child Custody Jurisdiction and Enforcement Act. Each party has a continuing duty to inform the court of any custody proceeding in this or any other state of which information is obtained during the proceeding.

**RULE 8.205.    TRANSFER OF CASES**

**(a)**    [No Change]

**(b)    Transfer of Cases Within the State of Florida.** The court may transfer any case <u>at any point during the proceeding</u> after adjudication, when adjudication is withheld, or before adjudication where witnesses are available in another jurisdiction, to the circuit court for the county in which is located the domicile or usual residence of the child or such other circuit as the court may determine to be for the best interest of the child and to promote the efficient administration of justice. The transferring court ~~shall~~<u>must</u> enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing all parties, the clerk, and the attorney's office handling dependency matters for the state in the receiving court a copy of the order of transfer within 5 days. The clerk

~~shall~~<u>must</u> also transmit a certified copy of the file to the receiving court within 5 days.

**(c)** [No Change]

**Committee Notes**

[No Change]

**RULE 8.217. ATTORNEY AD LITEM**

**(a) - (b)** [No Change]

**(c)** **Duties and Responsibilities.** The attorney ad litem ~~shall~~<u>must</u> be an attorney who has completed any additional requirements as provided by law. The attorney ad litem ~~shall have~~<u>has</u> the responsibilities provided by law.

**(d)** **Service.** An attorney ad litem ~~shall be~~<u>is</u> entitled to receive and must provide service of pleadings and documents as provided by rule 8.225.

**RULE 8.224. PERMANENT MAILING ADDRESS**

**(a)** **Designation.** On the first appearance before the court, each party ~~shall~~<u>must</u> provide a permanent mailing address to the court. The court ~~shall~~<u>must</u> advise each party that this address will be used by the court, the petitioner, and other parties for notice unless and until the party notifies the court and the petitioner, in writing, of a new address.

**(b)** **Effect of Filing.** On the filing of a permanent address designation with the court, the party then has an affirmative duty to keep the court and the petitioner informed of any address change. Any address change must be filed with the court as an amendment to the permanent address designation <u>within 10 calendar days</u>.

**(c)**   [No Change]

## RULE 8.226.   DETERMINATION OF PARENTHOOD

**(a)**   [No Change]

**(b)**   **Appearance of Prospective Parent.**

(1)   If a prospective parent appears in the chapter 39, Florida Statutes, proceeding, the court ~~shall~~must advise the prospective parent of the right to become a parent in the proceeding by completing a sworn affidavit of parenthood and filing the affidavit with the court or the department. This subdivision ~~shall~~does not apply if the court has identified both parents of the child as defined by law.

(2)   If the prospective parent seeks to become a parent in the chapter 39, Florida Statutes, proceeding, the prospective parent ~~shall~~must complete a sworn affidavit of parenthood and file the affidavit with the court or the department. If a party objects to the entry of the finding that the prospective parent is a parent in the proceeding, or if the court on its own motion requires further proceedings to determine parenthood, the court ~~shall~~must not enter an order finding parenthood until proceedings under chapter 742, Florida Statutes, have been concluded. The prospective parent ~~shall~~must continue to receive notice of hearings as a participant pending the proceedings under chapter 742, Florida Statutes. If no other party objects and the court does not require further proceedings to determine parenthood, the court ~~shall~~must enter an order finding that the prospective parent is a parent in the proceeding.

(3)   If the prospective parent is uncertain about parenthood and requests further proof of parenthood, or if there is more than one prospective parent for the same child, the juvenile

court may conduct proceedings under chapter 742, Florida Statutes, to determine parenthood. At the conclusion of the chapter 742, Florida Statutes, proceedings, the court ~~shall~~must enter an order determining parenthood.

(4)     [No Change]

(5)     If the court has identified both parents of a child as defined by law, the court ~~shall~~must not recognize an alleged biological parent as a parent in the proceeding until a court enters an order pursuant to law establishing the alleged biological parent as a parent in the proceeding.

**RULE 8.231.     PROVIDING COUNSEL TO DEPENDENT CHILDREN WITH SPECIAL NEEDS WHO HAVE A STATUTORY RIGHT TO COUNSEL**

**(a)**     [No Change]

**(b)     Duty of Court.** The court ~~shall~~must appoint an attorney to represent any child who has special needs as defined in section 39.01305, Florida Statutes, and who is subject to any proceeding under Chapter 39, Florida Statutes.

**(c)     Duties of Attorney.** The attorney ~~shall~~must provide the child the complete range of legal services, from the removal from the home or from the initial appointment through all available appellate proceedings. With permission of the court, the attorney may arrange for supplemental or separate counsel to represent the child in appellate proceedings.

**RULE 8.235.     MOTIONS**

**(a)     Motions in General.** An application to the court for an order ~~shall~~must be made by motion which ~~shall~~must be in writing unless made during a hearing; ~~shall~~must be signed by the party

making the motion or by the party's attorney; ~~shall~~must state with particularity the grounds therefor; and ~~shall~~must set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion or in a written report to the court for a scheduled hearing provided the notice or report are served on the parties as required by law.

**(b)** [No Change]

**(c)** **Sworn Motion to Dismiss.** Before the adjudicatory hearing the court may entertain a motion to dismiss the petition or allegations in the petition on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of dependency. The facts on which such motion is based ~~shall~~must be specifically alleged and the motion sworn to by the party. The motion ~~shall~~must be filed a reasonable time before the date of the adjudicatory hearing. The opposing parties may traverse or demur to this motion. Factual matters alleged in ~~it~~the motion ~~shall~~must be deemed admitted unless specifically denied by ~~the~~an opposing party in a written traverse or demurrer. The motion ~~shall~~must be denied if ~~the~~an opposing party files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss. The traverse or demurrer must be filed a reasonable period of time before the hearing on the motion to dismiss.

**(d)** [No Change]

### Committee Notes

[No Change]

**RULE 8.240.  COMPUTATION, CONTINUANCE, EXTENSION, AND ENLARGEMENT OF TIME**

**(a)** **Computation.** Computation of time ~~shall be~~is governed

- 8 -

by Florida Rule of Judicial Administration 2.514, except for rules 8.300 and 8.305, to which rule 2.514(a)(2)(C) ~~shall~~does not apply and the statutory time period ~~shall~~ governs.

**(b)** **Enlargement of Time.** When by these rules, by a notice given under them, or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown, within the limits established by law, and subject to the provisions of subdivision (d) of this rule, may, at any time, in its discretion (1) with or without notice, order the period enlarged if a request is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) on motion made and notice after the expiration of the specified period permit the act to be done when the failure to act was the result of excusable neglect. The court may not, except as provided by law or elsewhere in these rules, extend the time for making a motion for new trial, for rehearing, or vacation of judgment, or for taking an appeal. This rule ~~shall~~does not ~~be construed to~~ apply to shelter hearings.

**(c)** **Time for Service of Motions and Notice of Hearing.** A copy of any written motion that may not be heard ex parte and a copy of the notice of hearing ~~shall~~must be served a reasonable time before the time specified for the hearing.

**(d)** **Continuances and Extensions of Time.**

(1) A motion for continuance, extension, or waiver of the time standards provided by law and found in this rule ~~shall~~must be in writing and signed by the requesting party. On a showing of good cause, the court ~~shall~~must allow a motion for continuance or extension to be made ore tenus at any time during the proceedings.

(2) A motion for continuance, extension, or waiver of

the time standards provided by law ~~shall~~must not be made in advance of the particular circumstance or need that would warrant delay of the proceedings.

(3)    A motion for continuance, extension, or waiver of the time standards provided by law ~~shall~~must state all of the facts that the movant contends entitle the movant to a continuance, extension, or waiver of time including:

(A) - (C)    [No Change]

(4) - (5)    [No Change]

## RULE 8.257.    GENERAL MAGISTRATES

**(a)    Appointment.** Judges of the circuit court may appoint as many general magistrates from among the members of The Florida Bar in the circuit as the judges find necessary, and the general magistrates shall continue in office until removed by the court. The order of appointment ~~shall~~must be recorded. Every person appointed as a general magistrate ~~shall~~must take the oath required of officers by the Constitution and the oath ~~shall~~must be recorded before the magistrate discharges any duties of that office.

**(b)    Referral.**

(1) - (2)    [No Change]

(3)    *Order.*

(A)    [No Change]

(B)    The order of referral ~~shall~~must state with specificity the matter or matters being referred. The order of referral ~~shall~~must also state whether electronic recording or a court reporter is provided by the court.

(4)    [No Change]

**(c)    General Powers and Duties.** Every general magistrate shallmust perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court. A general magistrate shall be empowered to administer oaths and conduct hearings, which may include the taking of evidence. All grounds for disqualification of a judge shall apply to general magistrates.

**(d)    Hearings.**

(1)    The general magistrate shallmust assign a time and place for proceedings as soon as reasonably possible after the referral is made and give notice to each of the parties either directly or by directing counsel to file and serve a notice of hearing. If any party fails to appear, the general magistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice of the adjournment to the absent party. The general magistrate shallmust proceed with reasonable diligence in every referral and with the least delay practicable. Any party may apply to the court for an order to the general magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay.

(2)    The general magistrate shallmust take testimony and establish a record which may be by electronic means as provided by Florida Rule of Judicial Administration 2.535(g)(3) or by a court reporter. The parties may not waive this requirement.

(3)    [No Change]

(4)    The notice or order setting a matter for hearing shallmust state whether electronic recording or a court reporter is provided by the court. If the court provides electronic recording, the notice shallmust also state that any party may provide a court reporter at that party's expense, subject to the court's approval.

**(e)    Report.**

- 11 -

(1)  The general magistrate ~~shall~~must file a report that includes findings of fact, conclusions of law, and recommendations and serve copies on all parties. If a court reporter was present, the report ~~shall~~must contain the name and address of the reporter.

(2)  The report and recommendations ~~shall~~must contain the following language in bold type:

**SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE EXCEPTIONS WITHIN 10 DAYS OF SERVICE OF THE REPORT AND RECOMMENDATIONS IN ACCORDANCE WITH FLORIDA RULE OF JUVENILE PROCEDURE 8.257(f). YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS WITHIN 10 DAYS OF SERVICE OF THE REPORT AND RECOMMENDATIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A TRANSCRIPT OF PROCEEDINGS, ELECTRONIC RECORDING OF PROCEEDINGS, OR STIPULATION BY THE PARTIES OF THE EVIDENCE CONSIDERED BY THE GENERAL MAGISTRATE AT THE PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED FOR THE COURT'S REVIEW.**

**(f)  Exceptions.** The parties may file exceptions to the report within 10 days from the time it is served on them. Any party may file cross-exceptions within 5 days from the service of the exceptions. However, the filing of cross-exceptions ~~shall~~must not delay the hearing on the exceptions unless good cause is shown. If no exceptions are filed within that period, the court ~~shall~~must take appropriate action on the report. If exceptions are filed, they ~~shall~~must be heard on reasonable notice by either party or the court.

**(g)** **Record.**

(1)    For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, ~~shall~~must be provided to the court by the party seeking review. The record shall consist of:

(A) - (C)    [No Change]

(2)    The transcript of the proceedings, electronic recording of the proceedings, or stipulation by the parties of the evidence considered by the general magistrate at the proceedings, if any, ~~shall~~must be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions.

(3)    If less than a full transcript or electronic recording of the proceedings taken before the general magistrate is ordered prepared by the excepting party, that party ~~shall~~must promptly file a notice setting forth the portions of the transcript or electronic recording that have been ordered. The responding party ~~shall~~must be permitted to designate any additional portions of the transcript or electronic recording necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.

(4)    [No Change]

**(h)** **Prohibition on Magistrate Presiding over Certain Hearings.** Notwithstanding the provisions of this rule, a general magistrate ~~shall~~must not preside over a shelter hearing under section 39.402, Florida Statutes, an adjudicatory hearing under section 39.507, Florida Statutes, or an adjudicatory hearing under section 39.507, Florida Statutes, or an adjudicatory hearing under section 39.809, Florida Statutes.

## RULE 8.260.   ORDERS

**(a)**    **General Requirements.** All orders of the court must be

reduced to writing as soon as possible after they are entered, ~~as is~~ consistent with orderly procedure, and ~~must~~ contain specific findings of fact and conclusions of law, ~~and must be~~ signed by the judge as provided by law.

**(b)	Transmittal to Parties.** A copy of all orders must be transmitted to all parties either by the court or under its direction ~~to all parties~~, at the time of ~~entry~~the rendition of the order.

**(c)	Other Options.** The court may require:

(1)	~~that~~ orders be prepared by a party;

(2)	~~that~~ the party serve the order; and

(3)	[No Change]

**(d)	Precedence of Orders.** ~~Orders of the circuit court hearing dependency matters~~Dependency orders must be filed in any dissolution or other custody action or proceeding involving the same child or children. These orders ~~must~~ take precedence over other orders affecting the placement of, access to, parental time with, adoption of, or parental rights and responsibilities for the same minor child or children, unless the jurisdiction of the dependency court has been terminated. These orders may be filed under seal and need not be open to inspection by the public.

## RULE 8.265.	MOTION FOR REHEARING

**(a)	Basis.** After the court has entered an order, any party may move for rehearing upon one or more of the following grounds:

(1)	~~That~~ the court erred in the decision of any matter of law arising during the hearing~~.~~;

(2)	~~That~~ a party did not receive a fair and impartial hearing~~.~~;

(3)   ~~That~~ any party required to be present at the hearing was not present~~.~~;

(4)   ~~That~~ there exists new and material evidence, which, if introduced at the hearing, would probably have changed the court's decision and could not, with reasonable diligence, have been discovered before and produced at the hearing~~.~~;

(5)   ~~That~~ the court is without jurisdiction of the proceeding~~.~~; or

(6)   ~~That~~ the judgment is contrary to the law and evidence.

**(b)   Time and Method.**

(1)   A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must be made within 10 days of the ~~entry~~rendition of the order.

(2) - (3)   [No Change]

**(c)   Court Action.**

(1)   A rehearing may be granted to all or any of the parties on all or any part of the issues. All orders granting a rehearing ~~shall~~must state the specific issues to be reheard and provide for a date and time for the rehearing.

(2)   If the motion for rehearing is granted, the court may vacate or modify the order or any part of it and allow additional proceedings as it deems just. It may enter a new judgment, and may order or continue the child in a shelter or out-of-home placement pending further proceedings.

(3)   [No Change]

# RULE 8.285.   CRIMINAL CONTEMPT

**(a)**   **Direct Contempt.** A contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt ~~shall~~must include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the court ~~shall~~must inform the person accused of the accusation and inquire as to whether there is any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced. The accused ~~shall~~must be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment ~~shall~~must be signed by the court and entered of record. Sentence ~~shall~~must be pronounced in open court.

**(b)**   **Indirect Contempt.** An indirect contempt ~~shall~~must be prosecuted in the following manner:

(1)   *Order to Show Cause.* The court on its own motion or upon affidavit of any person having knowledge of the facts may issue and sign an order directed to the one accused of contempt, stating the essential facts constituting the contempt charged and requiring the accused to appear before the court to show cause why he or she should not be held in contempt of court. The order ~~shall~~must specify the time and place of the hearing, with a reasonable time allowed for the preparation of a defense after service of the order on the one accused. It ~~shall~~must be served in the same manner as a summons. Nothing herein shall be construed to prevent the one accused of contempt from waiving the service of process.

(2)   *Motions; Answer.* The accused, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars, or answer such order by way of explanation or defense. All motions and the answer ~~shall~~must be in

writing unless specified otherwise by the court. The accused's omission to file a motion or answer ~~shall~~will not be deemed an admission of guilt of the contempt charged.

(3) *Order of Arrest; Bail.* The court may issue an order of arrest of the one accused of contempt if the court has reason to believe the accused will not appear in response to the order to show cause. The accused ~~shall be~~is entitled to bail in the manner provided by law in criminal cases.

(4) *Arraignment; Hearing.* The accused may be arraigned at the hearing, or prior thereto upon request. A hearing to determine the guilt or innocence of the accused ~~shall~~must follow a plea of not guilty. The court may conduct a hearing without assistance of counsel or may be assisted by the state attorney or by an attorney appointed for the purpose. The accused is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his or her own defense. All issues of law and fact ~~shall~~must be determined by the court.

(5) *Disqualification of the Judge.* If the contempt charged involves disrespect to or criticism of a judge, the judge ~~shall~~must be disqualified by the chief judge of the circuit.

(6) *Verdict; Judgment.* At the conclusion of the hearing the court ~~shall~~must sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the accused has been found and adjudicated guilty.

(7) *Sentence.* Prior to the pronouncement of sentence the court ~~shall~~must inform the accused of the accusation and judgment against him or her and inquire as to whether there is any cause to show why sentence should not be pronounced. The accused ~~shall~~must be afforded the opportunity to present evidence

of mitigating circumstances. The sentence ~~shall~~<ins>must</ins> be pronounced in open court and in the presence of the one found guilty of contempt.

**RULE 8.286.    CIVIL CONTEMPT**

**(a) - (b)**    [No Change]

**(c)    Hearing.** In any civil contempt hearing, after the court makes an express finding that the alleged contemnor had notice of the motion and hearing:

(1)    The court ~~shall~~<ins>must</ins> determine whether the movant has established that a prior order was entered and that the alleged contemnor has failed to comply with all or part of the prior order.

(2)    If the court finds the movant has established all of the requirements in subdivision (c)(1) of this rule, the court must~~,~~<ins>:</ins>

(A) - (B)    [No Change]

The court may issue a writ of bodily attachment and direct that, upon execution of the writ of bodily attachment, the alleged contemnor be brought before the court within 48 hours for a hearing on whether the alleged contemnor has the present ability to comply with the prior court order and, if so, whether the failure to comply is willful.

**(d) - (g)**    [No Change]

**RULE 8.290.    DEPENDENCY MEDIATION**

**(a) - (b)**    [No Change]

**(c)    Compliance with Statutory Time Requirements.** Dependency mediation ~~shall~~<ins>must</ins> be conducted in compliance with the statutory time requirements for dependency matters.

**(d) Referral.** Except as provided by this rule, all matters and issues described in subdivision (a)(1) may be referred to mediation. All referrals to mediation ~~shall~~must be in written form, ~~shall~~ advise the parties of their right to counsel, and ~~shall~~ set a date for hearing before the court to review the progress of the mediation. The mediator or mediation program ~~shall~~must be appointed by the court or stipulated to by the parties. If the court refers the matter to mediation, the mediation order ~~shall~~must address all applicable provisions of this rule. The mediation order ~~shall~~must be served on all parties and on counsel under the provisions of ~~the Florida Rules of Juvenile Procedure~~these rules.

**(e) Appointment of the Mediator.**

(1) *Court Appointment.* The court, in the order of referral to mediation, ~~shall~~must appoint a certified dependency mediator selected by rotation or by such other procedures as may be adopted by administrative order of the chief judge in the circuit in which the action is pending.

(2) [No Change]

**(f) Fees.** Dependency mediation referrals may be made to a mediator or mediation program that charges a fee. Any order of referral to a mediator or mediation program charging a fee ~~shall~~must advise the parties that they may timely object to mediation on grounds of financial hardship. On the objection of a party or the court's own motion, the court may, after considering the objecting party's ability to pay and any other pertinent information, reduce or eliminate the fee.

**(g) Objection to Mediation.** Within 10 days of the filing of the order of referral to mediation, any party or participant ordered to mediation may make a written objection to the court about the order of referral if good cause for such objection exists. If a party

objects, mediation ~~shall~~<u>must</u> not be conducted until the court rules on the objection.

**(h) Scheduling.** The mediation conference may be held at any stage of the proceedings. Unless otherwise scheduled by the court, the mediator or the mediation program ~~shall~~<u>must</u> schedule the mediation conference.

**(i) Disqualification of the Mediator.** Any party may move to enter an order disqualifying a mediator for good cause. If the court rules that a mediator is disqualified from mediating a case, an order ~~shall~~<u>must</u> be entered with the name of a qualified replacement. Nothing in this provision ~~shall~~ preclude<u>s</u> mediators from disqualifying themselves or refusing any assignment.

**(j) Substitute Mediator.** If a mediator agreed upon by the parties or appointed by a court cannot serve, a substitute mediator can be agreed upon or appointed in the same manner as the original mediator. A mediator ~~shall~~<u>must</u> not mediate a case assigned to another mediator without the agreement of the parties or approval of the court. A substitute mediator ~~shall~~<u>must</u> have the same qualifications as the original mediator.

**(k) Discovery.** Unless stipulated by the parties or ordered by the court, the mediation process ~~shall~~<u>must</u> not suspend discovery.

**(*l*) Appearances.**

(1) *Order Naming or Prohibiting Attendance of Parties.* The court ~~shall~~<u>must</u> enter an order naming the parties and the participants who must appear at the mediation and any parties or participants who are prohibited from attending the mediation. Additional participants may be included by court order or by mutual agreement of all parties.

(2) *Physical Presence of Adult Parties and Participants.*

Unless otherwise agreed to by the parties or ordered by the court, any party or participant ordered to mediation ~~shall~~must be physically present at the mediation conference. Persons representing an agency, department, or program must have full authority to enter into an agreement that ~~shall be~~is binding on that agency, department, or program. In the discretion of the mediator, and with the agreement of the attending parties, dependency mediation may proceed in the absence of any party or participant ordered to mediation.

       (3)    [No Change]

       (4)    *Appearance of Child.* The court may prohibit the child from appearing at mediation upon determining that such appearance is not in the best interest of the child. No minor child ~~shall be~~is required to appear at mediation unless the court has previously determined by written order that it is in the child's best interest to be physically present. The court ~~shall~~must specify in the written order of referral to mediation any special protections necessary for the child's appearance.

       (5)    [No Change]

  **(m)**  [No Change]

  **(n)**  **Continuances.** The mediator may end the mediation session at any time and may set new times for reconvening the mediation. No further notification ~~shall be~~is required for parties or participants present at the mediation session.

  **(*o*)**  **Report on Mediation.**

       (1)    If agreement is reached on all or part of any matter or issue, including legal or factual issues to be determined by the court, the agreement ~~shall~~must be immediately reduced to writing, signed by the attending parties, and promptly submitted to the

court by the mediator with copies to all parties and counsel.

(2)    If the parties do not reach an agreement as to any matter as a result of mediation, the mediator ~~shall~~must report the lack of an agreement to the court without comment or recommendation.

**(p)    Court Hearing and Order On Mediated Agreement.** On receipt of a full or partial mediation agreement, the court ~~shall~~must hold a hearing and enter an order accepting or rejecting the agreement consistent with the best interest of the child. The court may modify the terms of the agreement with the consent of all parties to the agreement.

**(q)**    [No Change]

### Committee Notes

[No Change]

### RULE 8.332.    ORDER FINDING DEPENDENCY

**(a)**    [No Change]

**(b)    Adjudication of Dependency.**

(1)    [No Change]

(2)    If the court enters findings that only one parent contributed to the dependency status of the child but allegations of dependency remain unresolved as to the other parent, the court must enter a written order finding dependency based on the allegations of the dependency petition concerning the one parent. The court must then reserve ruling on findings regarding the other parent based on the unresolved allegations until the parent enters an admission or consent to the dependency petition, the court conducts an evidentiary hearing on the ~~findings~~allegations, the court proceeds as provided by law regarding a parent whose identity

or location is unknown, or the issue is otherwise resolved.

(3) - (4)  [No Change]

**(c) - (e)**  [No Change]